UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| BARON BRAND, | : | Case No. 1:22-cv-406 |
| Petitioner, | : | |
| vs. | : | Judge Michael R. Barrett |
| | : | Magistrate Judge Karen L. Litkovitz |
| WARDEN, PICKAWAY CORRECTIONAL INSTITUTION, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

Baron Brand, an inmate at the Pickaway Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). He challenges his 2015 convictions in Case No. B-1402577 in the Hamilton County, Ohio Court of Common Pleas. (*Id*., PageID 2). This is the third habeas corpus petition Petitioner has filed in this Court challenging his 2015 Hamilton County convictions and sentence. For the reasons that follow, the Undersigned **RECOMMENDS** that this Petition be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a second or successive petition under 28 U.S.C. § 2244(b).

In 2015, Petitioner was convicted and sentenced for aggravated murder, felonious assault with accompanying specifications, aggravated robbery, having a weapon while under a disability, trafficking in heroin, and possession of heroin. *State v. Brand*, 1st Dist. Hamilton No. C-150590, 2016-Ohio-7456, ¶ 1, ¶ 5, n.1 (Oct. 26, 2016). He was sentenced to an effective sentence of life in prison without the possibility of parole. Ohio's First District Court of Appeals

affirmed Brand's convictions and sentence, and the Supreme Court of Ohio declined further review. *State v. Brand,* 149 Ohio St.3d 1464, 2017-Ohio-5699, 77 N.E.3d 988 (table).

In 2018, Petitioner filed his first petition for a writ of habeas corpus. This Court dismissed the petition with prejudice. *Brand v. Warden, Corr. Reception Ctr.*, No. 1:18-cv-697, 2021 WL 736904, at *1 (S.D. Ohio Feb. 25, 2021) (Bertelsman, J.; Litkovitz, M.J.). The Sixth Circuit denied him a certificate of appealability. *Brand v. Collins*, No. 21-3319 (6th Cir. Oct. 19, 2021), *rehearing denied,* (6th Cir. Dec. 16, 2021).

In 2021, Petitioner filed a second habeas corpus petition with this Court. The petition was transferred to the Sixth Circuit as a second or successive petition under 28 U.S.C. § 2244(b). *Brand v. Warden, Pickaway Corr. Inst.*, No. 1:21-cv-222, 2022 WL 60596, at *1 (S.D. Ohio Jan. 6, 2022) (McFarland, J.; Litkovitz, M.J.). The Sixth Circuit denied Petitioner's request for authorization to proceed. *In re: Baron Brand*, No. 22-3020 (6th Cir. June 15, 2022).

Also in 2021, Petitioner filed in state court a motion for post-conviction relief, which the trial court denied. On appeal, the First District found that the trial court should have dismissed, rather than denied the motion, but affirmed the judgment as modified. *State v. Brand*, 1st Dist. Hamilton No. C-210323, 2022-Ohio-1185, ¶ 6 (Apr. 8, 2022). The Supreme Court of Ohio declined further review. *State v. Brand*, 167 Ohio St. 3d 1408, 2022-Ohio-2047, 188 N.E.3d 1102 (June 21, 2022) (table).

On July 6, 2022, Petitioner signed and submitted this third habeas corpus petition to this Court, instituting the instant case. (Doc. 1). The Court ordered him to show cause why the Petition should not also be transferred to the Sixth Circuit as a "second or successive" petition. (Doc. 3). Petitioner filed a response, arguing that it should not be transferred because the issue raised in it is "an independent claim" and "distinct" from the claims he already raised. (Doc. 6).

Because of the posture of the case, there have not yet been any filings by the Respondent. *See* Rule 5(a) of the Rules Governing Section 2254 Cases in United States District Court (the "2254 Rules") ("The respondent is not required to answer the petition unless a judge so orders.").

"Federal law generally gives habeas petitioners one shot to pursue their claims in federal court. For petitions filed after the first one – 'second or successive' petitions in the language of the statute – applicants must overcome strict limits before federal courts will permit them to seek habeas relief." *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)(A)). "To file a second or successive application in a district court, a prisoner must first obtain leave from the court of appeals based on a 'prima facie showing' that his petition satisfies the statute's gatekeeping requirements." *Banister v. Davis*, 140 S. Ct. 1698, 1704 (2020) (citing 28 U.S.C. § 2244(b)(3)(C), (b)(1) and (b)(2)); *see also Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); Rule 9 of the 2254 Rules ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").

This district court lacks jurisdiction to consider a second or successive petition filed without authorization and must transfer such a petition to the Court of Appeals for the Sixth Circuit for consideration. *Franklin v. Jenkins*, 839 F.3d 465, 475 (6th Cir. 2016); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam); 28 U.S.C. § 1631. The Sixth Circuit may authorize the district court to consider a successive petition only if petitioner makes the prima facie showing required in the statute. *See* 28 U.S.C. § 2244(b)(3). The determination of whether a habeas application is second or successive, however, is committed to the district court in the first instance. *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012).

Not all habeas corpus petitions filed second (or later) in time are "second or successive" within the meaning of § 2244(b). *Banister*, 140 S. Ct. at 1705. The subsequent petition must relate to the same conviction or sentence under attack in the prior petition to be "successive" within the meaning of the statute. *See In re Page*, 179 F.3d 1024, 1025 (7th Cir. 1999) (and cases cited therein).[1] The relevant "judgment" for these purposes is the sentencing judgment. *See Burton v. Stewart*, 549 U.S. 147, 156 (2007) (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)) ("Final judgment in a criminal case means sentence. The sentence is the judgment.").

Here, the relevant judgment is Petitioner's September 29, 2015 sentence by the Hamilton County Court. (Petition, Doc. 1, PageID 2). This is the same sentence that Petitioner challenged in his first petition. (*See* Doc. 1, PageID 1 in Case No. 1:18-cv-697). It is also the same sentence Petitioner challenged in his second petition, which was deemed second or successive.

---

[1] Not all subsequent petitions relating to the same conviction or sentence are considered successive. *See Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998). Specifically, courts have held that a later petition is not successive where the first petition was dismissed as premature, *see Stewart*, 523 U.S. at 645; the first petition was dismissed without prejudice for failure to exhaust state court remedies, *see Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000); *Carlson v. Pitcher*, 137 F.3d 416, 420 (6th Cir. 1998); the second petition was filed after a remedial appeal ordered in response to the prior petition, *see Storey v. Vasbinder*, 657 F.3d 372, 377-78 (6th Cir. 2011); or the first petition was dismissed because petitioner failed to either pay the filing fee or provide proper support for his application for pauper status, *see Stewart*, 523 U.S. at 645 (citing *Marsh v. United States Dist. Court for the N. Dist. of California*, No. C-94-0581-VRW, 1995 WL 23942 (N.D. Cal. Jan. 9, 1995)). In all of those contexts, the district court had jurisdiction to consider the subsequent petitions without first obtaining authorization from the court of appeals because the prior dispositions were not "on the merits." *See Slack*, 529 U.S. at 485-86; *Carlson*, 137 F.3d at 419; *Camarano v. Irvin*, 98 F.3d 44, 46-47 (2d Cir. 1996); *cf. Storey*, 657 F.3d at 377-78 (where initial petition involved disposition of only one constitutional claim—i.e., whether the petitioner was entitled to a new direct appeal).
  In addition, "[w]here a new judgment intervenes between the two petitions, such as would occur with a resentencing following an appellate remand, the later petition challenging the new judgment, at least as far as it concerns the resentencing, is not a second or successive petition requiring approval from the appeals court." *Picard v. Gray*, No. 1:18-cv-1672, 2018 WL 7888550, at *2 (N.D. Ohio Sept. 28, 2018), *report and recommendation adopted*, 2019 WL 1409548 (N.D. Ohio Mar. 28, 2019).
  None of these situations is presented here. Petitioner's first petition was found procedurally defaulted in part and was considered on the merits in part and dismissed with prejudice. *See Brand v. Warden, Corr. Reception Ctr.*, No. 1:18-cv-697, 2020 WL 1322863, at *18 (S.D. Ohio Mar. 20, 2020), *report and recommendation adopted*, 2021 WL 736904 (S.D. Ohio Feb. 25, 2021). And, Petitioner does not allege, and it does not appear, that he is now confined on a "new judgment." *See Brenson v. Warden, Richland Corr. Inst.*, No. 2:22-CV-1416, 2022 WL 999682, at *3 (S.D. Ohio Apr. 4, 2022) (holding that the *denial* of a motion challenging a judgment does "not result in a new sentence or 'new judgment' that Petitioner can challenge without satisfying the requirements of § 2244(b)").

(*See* Doc. 4, PageID 37 in Case No. 1:21-cv-222). Petitioner's new ground for relief in this third petition is also directed to the 2015 conviction and sentence; he alleges problems with the language used in the verdict forms at trial.[2] (Doc. 1, PageID 6).

Petitioner argues that this Court should consider the new ground because it is distinct and independent from the claims he has already raised. (Doc. 6). Even if Petitioner is correct in this assertion, this Court still lacks jurisdiction to consider the claims without authorization from the Sixth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A); *Franklin*, 839 F.3d at 473 (6th Cir. 2016) ("federal district courts lack jurisdiction to consider second or successive habeas petitions without preauthorization from the relevant Court of Appeals"). The Undersigned notes that this Court, in transferring Petitioner's *second* petition to the Sixth Circuit, remarked that his new ground was essentially the same grounds he had already presented in his first petition, concluding that it was subject to dismissal under 28 U.S.C. § 2244(b)(1). *See Brand v. Warden, Pickaway Corr. Inst.*, No. 1:21-cv-222, 2021 WL 2209708, at *3 (S.D. Ohio June 1, 2021), *report and recommendation adopted,* 2022 WL 60596 (S.D. Ohio Jan. 6, 2022). But the similarity between these arguments was not the reason the matter was deemed second or successive necessitating transfer. The matter was deemed second or successive because the claims challenged the same state court judgment that was previously the subject of a complete round of habeas corpus proceedings. As noted, the statute requires the Sixth Circuit to authorize second or successive petitions: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The same is true here, even if new claim is distinct and independent from claims

---

[2] Petitioner's new ground for relief asserts that the "Trial verdict forms failed to state the Essential Elements and Degree of felony to support the verdict forms pursuant to R.C. 2945.75A(2)[.]" (Doc. 1, PageID 6).

5

Petitioner has already raised. (Doc. 6). *See In re Wogenstahl*, 902 F.3d 621, 627 (6th Cir. 2018) (quoting *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006) (applying the doctrine that a subsequent petition is second or successive "when it raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect."). The Sixth Circuit will determine whether the new petition satisfies the "gatekeeping requirements" of § 2244(b)(1) and (2). *See Banister*, 140 S. Ct. at 1704.

The Undersigned concludes that the Petition currently before the Court is "successive" within the meaning of § 2244(b) because the first petition was adjudicated on the merits and Petitioner is challenging the same judgment as in his previous petitions. This District Court lacks jurisdiction to consider a second or successive petition filed without authorization and must transfer such a petition to the United States Court of Appeals for the Sixth Circuit for consideration. *Franklin*, 839 F.3d at 475; *Sims*, 111 F.3d at 47; 28 U.S.C. § 1631.

The Undersigned therefore **RECOMMENDS** that the Court **TRANSFER** the Petition (Doc. 1) to the United States Court of Appeals for the Sixth Circuit.

### NOTICE REGARDING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN (14) DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b); Rule 12 of the Rules Governing Section 2254 Cases in the United States District Court. All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the 14-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or

modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

August 23, 2022

                                                              Karen L. Litkovitz
                                                            UNITED STATES MAGISTRATE JUDGE