UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Baron Brand,

    Petitioner,

        v.                                Case No. 1:22-cv-00406

Warden, Pickaway
Correctional Institution,                Judge Michael R. Barrett

    Respondent.

## OPINION & ORDER

This matter is before the Court on the Report and Recommendation ("R&R") in which the Magistrate Judge recommends that the Court transfer the pending Petition for Writ of Habeas Corpus, brought under 28 U.S.C. § 2254, to the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") as a second or successive petition. (Doc. 7). Petitioner filed a timely objection. (Doc. 8).

### I. STANDARD OF REVIEW

With respect to dispositive matters, and when the Court receives a timely objection to an R&R, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

### II. ANALYSIS

The Magistrate Judge adequately summarized the factual and procedural background of this case in the R&R, and the Court will not repeat the same herein unless necessary to respond to Petitioner's objection. (Doc. 7 PageID 29-31); *cf. Brand v.*

*Warden, Pickaway Corr. Inst.*, No. 1:21-CV-222, 2021 WL 2209708, at *1 (S.D. Ohio June 1, 2021), *report and recommendation adopted sub nom. Baron Brand, Petitioner, v. Warden, Pickaway Correctional Institution, Respondent.*, No. 1:21-CV-222, 2022 WL 60596 (S.D. Ohio Jan. 6, 2022); *Brand v. Warden, Corr. Reception Ctr.*, No. 1:18-CV-697, 2020 WL 1322863, at *1-3 (S.D. Ohio Mar. 20, 2020), *report and recommendation adopted*, No. CV2018697-WOB-KLL, 2021 WL 736904 (S.D. Ohio Feb. 25, 2021).

Petitioner argues that the sole ground for relief in his current Petition, regarding the adequacy of the jury verdict forms used in his July 2015 trial, is "an independent claim" and "distinct" from the issues that he previously presented to the Court in his prior two Petitions for Writ of Habeas Corpus, also brought under 28 U.S.C. § 2254, such that the Court should not transfer this action to the Sixth Circuit. (Doc. 8). Petitioner's argument fails.

The relevant judgment for purposes of a district court's second or successive petition analysis is a petitioner's sentencing judgment. *See Burton v. Stewart*, 549 U.S. 147, 156 (2007) ("Final judgment in a criminal case means sentence. The sentence is the judgment." (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937))). The relevant judgment for purposes of this Court's current analysis is Petitioner's September 29, 2015 sentencing judgment and this is the same judgment that Petitioner challenged in his first and second Petitions. (Doc. 7 PageID 32-33). The similarity between, or lack thereof, Petitioner's prior and current arguments is not the reason this Petition is deemed second or successive; rather, this Petition is deemed second or successive because the prior and current arguments challenge the same judgment, *i.e.*, the September 29, 2015 sentencing judgment, that was previously the subject of a complete round of habeas corpus

proceedings on the merits. (*Id.* PageID 32-33 n.1). Even accepting that Petitioner's argument in the current Petition is independent and distinct from the arguments that he made in his prior Petitions, Petitioner has already challenged the September 29, 2015 sentencing judgment before this Court on the merits.

In sum, the Court agrees with the Magistrate Judge that the current Petition is a second or successive petition, the Court lacks jurisdiction to consider it without authorization from the Sixth Circuit, and the Court must transfer it to the Sixth Circuit for consideration.

### III.  CONCLUSION

Based on the foregoing de novo review, the Court **OVERRULES** Petitioner's objection (Doc. 8) and **ACCEPTS** and **ADOPTS** the Magistrate Judge's R&R (Doc. 7). Accordingly, it is hereby **ORDERED** that this matter is **TRANSFERRED** to the Sixth Circuit as a second or successive petition.

IT IS SO ORDERED.

_/s Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court